No. 91,867

STATE OF KANSAS, *Appellee,* v. BOBBY L. JOHNSON, *Appellant.*

(156 P.3d 596)

Opinion filed April 27, 2007.

*Randall L. Hodgkinson,* of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Robert D. Hecht,* district attorney, argued the cause, and *Amy M. Memmer,* assistant district attorney, and *Phill Kline,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: A jury convicted Bobby L. Johnson of one count of aggravated indecent solicitation of a child in violation of K.S.A. 21-3511(a). The Court of Appeals affirmed in *State v. Johnson,* 34 Kan. App. 2d 612, 122 P.3d 397 (2005).

We granted Johnson's petition for review pursuant to K.S.A. 20-3018(b), and he now raises three issues on appeal:

1. Did the district court have jurisdiction to convict Johnson of aggravated indecent solicitation of a child?

2. Did the district court err in refusing to admit a police report for the purpose of impeaching a witness?

3. Did the prosecutor's comments during closing argument deprive Johnson of a fair trial?

We reverse the conviction and remand with instructions to vacate the sentence because of error on issue one, which makes the remaining issues moot.

## FACTS

In March 2002, the mother of D.M. (also D.A.M.), date of birth December 12, 1997, and I.M., began dating the defendant, Bobby L. Johnson. She introduced her two children to Johnson several months later.

On or around July 2, 2002, Johnson drove 4-year-old D.M. and I.M. to Lake Shawnee to watch fireworks without their mother. Two days later D.M. told her mother that she did not want to go anywhere with Johnson because he did something "nasty." D.M. stated that when Johnson took her to the park, he made her sit in the truck while he "wiggled his weaner . . . until milk came out." According to D.M., Johnson offered her cotton candy if she would drink the milk, but she declined. Upon hearing D.M.'s story, her mother called the police.

D.M. informed the police that some of Johnson's "milk" had gotten on her clothing. Based on this information, police collected clothing that was possibly worn by D.M. at the time of the incident. KBI testing indicated that seminal fluid matching Johnson's DNA was present on D.M.'s shorts.

Johnson was charged with one count of aggravated indecent liberties with a child, i.e., lewd fondling, in violation of K.S.A. 21-3504(a)(3)(A). The charge was later replaced by the solicitation version of aggravated indecent liberties with a child, (a)(3)(B) of K.S.A. 21-3504.

At trial, D.M. testified that during the trip to the lake, she and her brother I.M. played on the playground equipment while Johnson sat in his truck. At some point, D.M. wet her pants and went

back to the truck; I.M. continued to play. D.M. stated that she got into the truck by herself with Johnson in the front seat while he was "moving his private around." When asked to clarify what "private" meant, D.M. pointed between her legs. She testified that Johnson's hand was "moving around" until white "[m]ilk came out." The "milk" got on Johnson's clothes and D.M.'s pants.

Johnson denied being at the park alone with the children. He further denied asking D.M. to "lick" his penis in exchange for cotton candy. Because D.M's mother owed Johnson $250 for getting her out of jail, Johnson believed that she was merely trying to avoid the debt. Johnson testified that after engaging in intercourse with the mother, he ejaculated in a condom, and fell asleep; however, when he woke up, the condom was gone. According to Johnson, the mother stated that she "took care of that."

In addition to the formal charge, the State also proposed a jury instruction based upon aggravated indecent solicitation of a child under K.S.A. 21-3511(a), purportedly a lesser included offense of K.S.A. 21-3504(a)(3)(B). It never amended the complaint to include this charge. Johnson did not object to the instruction and agreed that it was proper.

The jury acquitted Johnson of aggravated indecent liberties with a child under K.S.A. 21-3504(a)(3)(B) but convicted him of the purported lesser included offense of aggravated indecent solicitation under K.S.A. 21-3511(a). He was sentenced to probation with an underlying 20-month prison sentence. The Court of Appeals affirmed Johnson's conviction.

## ANALYSIS

Issue: *The district court did not have jurisdiction to convict Johnson of aggravated indecent solicitation of a child.*

Johnson argues that the district court lacked jurisdiction to convict him of aggravated indecent solicitation of a child. More specifically, he asserts that this crime was not charged and does not constitute a lesser included offense because all of its statutory elements are not identical to some of the elements of the crime charged. See K.S.A. 2006 Supp. 21-3107(2)(b).

If Johnson is correct regarding the lack of identical elements, the district court had no jurisdiction over the lesser offense. As we stated in *State v. Belcher,* 269 Kan. 2, 8, 4 P.3d 1137 (2000), " 'if a crime is not specifically stated in the information or is not a lesser included offense of the crime charged, the district court lacks jurisdiction to convict a defendant of the crime, regardless of the evidence presented.' " A judgment for an offense where the court is without jurisdiction to decide the issue is void. *State v. Belcher,* 269 Kan. at 8.

Whether jurisdiction exists is a question of law over which this court exercises unlimited review. *State v. Rupnick,* 280 Kan. 720, 741, 125 P.3d 541 (2005). Additionally, to the extent resolution of this issue necessitates interpretation of a statute, this court's review is unlimited. *State v. White,* 279 Kan. 326, 332, 109 P.3d 1199 (2005).

Initially, Johnson was charged under K.S.A. 21-3504(a)(3)(A)—aggravated indecent liberties with a child. The statute states in relevant part:

"(a) Aggravated indecent liberties with a child is:

. . . .

(3) engaging in any of the following acts with a child who is under 14 years of age:

(A) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both."

Perhaps because the initial charge under (a)(3)(A) requires actual physical contact, the State replaced it with subsection (a)(3)(B) of K.S.A. 21-3504: "soliciting the child to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender or another." Based upon subsection (a)(3)(B), the jury was instructed that the State had to prove:

"1. That the defendant solicited D.A.M. to engage in fondling or touching or [*sic*] the *person of another,* Bobby L. Johnson, in a lewd manner, with the intent to arouse or satisfy the sexual desires of the child or the defendant.

"2. That at the time of the act, D.A.M. was a child under the age of 14; and

"3. That this act occurred on or about the 2nd day of July, 2002, in Shawnee County, Kansas." (Emphasis added.)

Johnson asserts that the charged offense, K.S.A. 21-3504 (a)(3)(B), is not applicable to the present facts because the statute prohibits soliciting a child to engage in lewd fondling or touching of the *person of another*—not the offender. Johnson cites *State v. Dickson*, 275 Kan. 683, 69 P.3d 549 (2003), in support. There, this court construed K.S.A. 21-3505(a)(3), which prohibits "causing a child 14 or more years of age but less than 16 years of age to engage in sodomy with *any person* or animal." (Emphasis added.) After reviewing the legislative history regarding amendments to K.S.A. 21-3505(a), this court concluded that "legislative history and legislative intent that reasonably can be inferred support a construction of K.S.A. 21-3505(a)(2) and (3) as prohibiting the accused's engaging in sodomy with a child and the accused's causing a child to engage in sodomy with a person *other than the defendant* or animal respectively." (Emphasis added.) 275 Kan. at 693. Because the evidence at trial did not address a third party, this court reversed Dickson's criminal sodomy conviction. 275 Kan. at 695. Johnson argues that *Dickson* is analogous to the present case because K.S.A. 21-3504(a)(3)(B) "even more clearly requires a showing of involvement of a third party."

The State responds that *Dickson* is not applicable because there the court did not construe the statutes at issue in this case. The State maintains that unlike in *Dickson*, the plain language of the statute in the present case does not require the involvement of a third party:

"[The Legislature] set out one provision covering factual scenarios where the fondling or touching actually occurred, K.S.A. 21-3504(a)(3)(A), and one provision where the fondling or touching is merely requested by the defendant, 21-3504(a)(3)(B). As such, the State argues that interpreting the 'person of another' in 21-3405(a)(3)(B) to include the defendant himself does not make that provision identical to any other provision of 21-3504, as was the effect of such interpretation under 21-3505 [by the *Dickson* court]."

After reviewing *Dickson*, the Court of Appeals agreed with Johnson—that the phrase "person of another" requires a third party. 34 Kan. App. 2d at 615. We agree. The plain language of the statute does not support the State's interpretation. See *State v. Denney*, 278 Kan. 643, 650, 101 P.3d 1257 (2004) (when a statute is plain

and unambiguous, the court must give effect to the intent of the legislature as expressed rather than determine what the law should or should not be).

As stated previously, K.S.A. 21-3504(a)(3)(B) criminalizes "soliciting the child to engage in any lewd fondling or touching of the *person of another* with the intent to arouse or satisfy the sexual desires of the *child, the offender or another.*" (Emphasis added.) Notably, the second half of the statute differentiates among (1) the child, (2) the offender, or (3) another. The legislature could have easily written the first part of the statute to include "fondling or touching of the *offender or another*" but apparently chose not to do so. Similarly, subsection (a)(3)(A) differentiates between "the person *of either* [1] *the child or* [2] *the offender.*" The plain and unambiguous language of (a)(3)(B)—"person of another"—requires a third party.

Although the Court of Appeals agreed that Johnson could not have been convicted of the charged crime, it noted that Johnson was instead convicted of the purported lesser included offense. 34 Kan. App. 2d at 615. It then addressed whether aggravated indecent solicitation of a child under K.S.A. 21-3511(a) qualifies as a lesser included offense of K.S.A. 21-3504(a)(3)(B).

The court first recited the language of K.S.A. 21-3511(a) and observed that its element of "an unlawful sexual act" was expressly defined in K.S.A. 21-3501(4). 34 Kan. App. 2d at 616. It then continued the analysis by comparing the elements of the principal crime with those of its purported lesser included offense:

"Comparing the elements of the principal charge with those of the [purported] lesser included, aggravated indecent liberties with a child is established by proof of the following elements: (1) soliciting, (2) a child under the age of 14, (3) to engage in lewd fondling or touching of the person of another, (4) with the intent to arouse or satisfy the sexual desires of the child, the offender, or another. See K.S.A. 21-3504(a)(3)(B). In contrast, aggravated indecent solicitation of a child, as the jury was instructed in this case, is established by the following elements: (1) enticing or soliciting; (2) a child under the age of 14; (3) to commit or submit to an unlawful sexual act. See K.S.A. 21-3511(a). As noted above, 'unlawful sexual act' is expressly defined by statute to include aggravated indecent liberties with a child. See K.S.A. 21-3501(4)." 34 Kan. App. 2d at 616.

The Court of Appeals then concluded that aggravated indecent solicitation qualified as a lesser included offense and consequently rejected Johnson's argument that the district court was without jurisdiction to convict.

"Given this strict application of the elements test, we are at a loss to identify any element of the lesser charge (as applicable to Johnson) that is not also included in the principal charge. K.S.A. 21-3511(a) criminalizes any solicitation of a child under the age of 14 to engage in conduct that includes by definition aggravated indecent liberties. Whereas the principal charge here was limited to 'soliciting the child to engage in any lewd fondling or touching . . . of another,' the purported lesser included offense was not limited to acts involving a third person, *but clearly included these elements*. Applying the identity of elements test, we have no difficulty concluding that all of the elements of the lesser included offense are among the statutory elements required to prove the principal crime charged. [Citation omitted.]" 34 Kan. App. 2d at 616.

We need not review the court's overall conclusion because the exact question before us is much more narrow. As Johnson's petition for review articulates his argument, the jury instruction based upon K.S.A. 2005 Supp. 21-3511(a) encompasses Johnson's solicitation of D.M. to engage in lewd fondling or touching only of Johnson or D.M. Consequently, it cannot be a lesser included offense of K.S.A. 21-3504(a)(3)(B) which requires solicitation by Johnson of D.M. to engage in fondling "the person of another," *i.e.*, not Johnson.

We observe that according to the given instruction for aggravated indecent solicitation of a child in violation of K.S.A. 21-3511(a), the State had to prove:

"1. That the defendant solicited or enticed D.A.M. to commit or submit to an *unlawful sex act*;
"2. That at the time of the act, D.A.M. was a child under 14; and
"3. That this act occurred on or about the 2nd day of July, 2002, in Shawnee County, Kansas." (Emphasis added.)

We further observe that the instructions specifically defined the solicited or enticed "unlawful sex act" as "lewd fondling or touching of the *defendant or D.A.M.*, a child who is under 14, with the intent to arouse or satisfy the sexual desires of D.A.M. or the defendant." (Emphasis added.)

We acknowledge that the Court of Appeals is correct that K.S.A. 21-3501(4) broadly defines the solicited or enticed "unlawful sexual act" as including, among other things, "any . . . aggravated indecent liberties with a child"—which can include the person of another. Among other things, however, the State must prove an unlawful sexual act, which is accomplished by proving the elements of one of the crimes listed in the definition of unlawful sexual act. In that endeavor, the elements of that particular crime, *e.g.,* aggravated indecent liberties with a child, necessarily become incorporated into the elements of the crime of aggravated indecent solicitation of a child.

By proposing a jury instruction that limited solicitation of an unlawful sexual act to "lewd fondling or touching *of the defendant or D.A.M.*"—not the person of another—the State essentially chose to prove as Johnson's solicited unlawful sexual act the version of aggravated indecent liberties with a child contained in K.S.A. 21-3504(a)(3)(A). As a result, in order for aggravated indecent solicitation in this case to be a lesser included offense of the version of aggravated indecent liberties actually charged—(a)(3)(B)—lewd fondling or touching *of the offender or the child* must be an element of both crimes. See K.S.A. 2006 Supp. 21-3107(2)(b) (stating the strict elements test). K.S.A. 21-3504(a)(3)(B), however, requires the touching of a third person. Because *all* of the elements of the lesser crime, K.S.A. 21-3511(a)—necessarily incorporating K.S.A. 21-3504(a)(3)(A)—are not identical to some of the elements of the crime charged, K.S.A. 21-3504(a)(3)(B), aggravated indecent solicitation in the present case is not a lesser included offense of aggravated indecent liberties. While it may be a lesser charge, it is not a lesser included charge.

Because K.S.A. 21-3511(a) was not specifically stated in the complaint or was not a lesser included offense of one that was, the district court lacked jurisdiction to convict Johnson of that crime. The conviction is reversed.

Johnson's agreement at trial that the jury instruction was proper does not change this analysis. In *Belcher,* 269 Kan. at 9, discussed previously, this court cited *State v. Chatmon,* 234 Kan. 197, 671 P.2d 531 (1983). In *Chatmon,* the defendant himself requested and

received an instruction on rape's lesser included offense of battery. When he was convicted of battery, he argued the instruction was clearly erroneous, while the State responded that the error was invited. *Chatmon* rejected the State's assertion, holding that "[a] judgment of the offense of battery where the court is without jurisdiction to decide the issue is void." 234 Kan. at 205.

Because of our reversal, it is unnecessary to address Johnson's remaining claims. See *State v. Belcher*, 269 Kan. at 9.

Reversed and remanded with instructions to reverse Johnson's conviction and vacate the sentence.