No. 96,608
No. 96,609

STATE OF KANSAS, *Appellee*, v. TERRAL A. BREEDLOVE, *Appellant*.

(179 P.3d 1115)

Opinion filed March 28, 2008.

*Lydia Krebs,* of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*David Lowden*, chief appellate attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Paul J. Morrison*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: Terral A. Breedlove argues that the district court lacked jurisdiction because the felony murder and other adult crimes for which he was convicted and imprisoned were committed when he was a juvenile. As a result, he demands that we reverse the district court's denial of his motion to correct illegal sentence. Breedlove further demands that we affirm his convictions, but vacate his sentences and remand for resentencing under the Kansas Juvenile Offenders Code, K.S.A. 38-1601 *et seq.* (Furse 1993). He is currently 30 years old.

The sole issue on appeal is whether the district court had jurisdiction. We hold that it did not; accordingly, we reverse Breedlove's convictions and vacate his sentences.

## FACTS

The facts, and resultant argument, are best understood when presented in the following chronology:

August 12, 1995: Breedlove committed the crimes of first-degree felony murder, K.S.A. 21-3401(b), aggravated robbery, K.S.A. 21-3427, and four counts of aggravated assault, K.S.A. 21-3410(a) (First Crimes). He was 17 years, 9 months old at the time.

September 3, 1995: Breedlove committed the crimes of aggravated robbery, aggravated assault, aggravated assault on a law enforcement officer, K.S.A. 21-3411, and criminal use of a weapon, K.S.A. 1995 Supp. 21-4201 (Second Crimes). Later that month he was charged in the juvenile department of the Sedgwick County District Court (juvenile court).

September 22, 1995: After consideration of Breedlove's stipulation to the State's motion for adult prosecution and other evidence, the juvenile court authorized him to be prosecuted as

an adult for the Second Crimes and all future acts. Accordingly, these offenses were dismissed from the juvenile court; he was then charged as an adult for these offenses in district court.

November 15, 1995: Breedlove turned 18, *i.e.*, he became an adult under Kansas law.

January 9, 1996: Breedlove pled guilty to the Second Crimes: aggravated robbery, aggravated assault, aggravated assault on a law enforcement officer, and criminal use of a weapon. He was then sentenced to prison, *i.e.*, as an adult.

June 26, 1997: Breedlove was charged with the First Crimes: felony murder, aggravated robbery, and four counts of aggravated assault. Although these crimes were committed while he was 17, perhaps because he was 19 at the time of charging, the case was filed in district court, rather than juvenile court, with a subsequent order authorizing adult prosecution as had been done with the Second Crimes. His status — juvenile or adult — was never addressed.

November 20, 1997: Breedlove was tried as an adult for the First Crimes in district court and convicted by a jury. He received a life sentence plus 52 months' imprisonment, to be served consecutive to the earlier-imposed sentences for the Second Crimes.

July 9, 1999: Breedlove's convictions and sentences for the First Crimes were affirmed in *State v. Breedlove*, No. 80,952, an unpublished opinion of the Kansas Supreme Court filed July 9, 1999.

February 15, 2006: Breedlove filed his motion to correct illegal sentence for the First Crimes, 11 years after committing the crimes, and 9 years after being convicted of committing them. The motion alleged that the district court lacked jurisdiction to prosecute him as an adult because he was not initially charged in juvenile court and authorization for adult prosecution was never established. The district court eventually denied the motion.

Breedlove then filed the instant appeal. Our jurisdiction is pursuant to K.S.A. 22-3601(b)(1), conviction of an off-grid crime.

## ANALYSIS

Issue: *The district court lacked jurisdiction.*

Breedlove argues that his sentences are illegal because they were imposed by a district court without jurisdiction. The issue of whether a criminal sentence is illegal is a question of law, and our standard of review is de novo. *State v. Davis*, 281 Kan. 169, 174, 130 P.3d 69, *cert. denied* 166 L. Ed. 2d 40 (2006).

Although Breedlove filed his motion 9 years after imposition of his sentences, an appellate court can correct an illegal sentence, *e.g.*, one imposed without jurisdiction, at any time. See K.S.A. 22-3504(1); *Davis*, 281 Kan. at 175. In *Davis* we also held that "because a judgment that is rendered without jurisdiction is void (*State v. Chatmon*, 234 Kan. 197, 205, 671 P.2d 531 [1983]), it may be 'attacked at any time and may be vacated because it is a nullity.' " 281 Kan. at 175. Consequently, Breedlove's motion is timely brought.

As *Davis* indicates, a judgment that is rendered without jurisdiction, as Breedlove argues here, may be vacated because it is a nullity. We recently held in *State v. Johnson*, 283 Kan. 649, 652, 156 P.3d 596 (2007), that "[a] judgment for an offense where the court is without jurisdiction to decide the issue is void." See *State v. Belcher*, 269 Kan. 2, 8, 4 P.3d 1137 (2000); *State v. Bickford*,

234 Kan. 507, 509, 672 P.2d 607 (1983) (The general rule is that proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter.); *Chatmon,* 234 Kan. at 205.

Accordingly, where we have determined the district court lacked jurisdiction, we have generally reversed the conviction and vacated the sentence. See, *e.g., Johnson,* 283 Kan. at 656-57 (reversed and remanded with instructions to reverse conviction and vacate sentence for lack of jurisdiction because the defendant was convicted of an offense that was not charged in the complaint or of a lesser included offense); *Davis,* 281 Kan. at 184 (reversed and remanded with instructions to reverse conviction and vacate sentence because the district court had no jurisdiction to proceed due to a failure to determine competency of defendant); *Chatmon,* 234 Kan. at 205, 207 (reversed and remanded to reverse conviction and vacate sentence because "a judgment of the offense of battery where the court is without jurisdiction to decide the issue is void").

Against this basic backdrop, we review the parties' arguments. Breedlove initially argued that our decision on a similar juvenile jurisdiction issue in *State v. Mayfield,* 241 Kan. 555, 738 P.2d 861 (1987), provides that a failure to follow the juvenile code deprives the district court of jurisdiction. Accordingly, he simply argued that his convictions should be reversed. In a subsequent brief required by this court, he argues that because his convictions were affirmed in 1999, they remain affirmed, but his sentences should be vacated and the matter remanded for resentencing under the Kansas Juvenile Offenders Code. In support, he cites K.S.A. 38-1681(a)(2) and *State v. Smith,* 268 Kan. 222, 993 P.2d 1213 (1999).

The State concedes that Breedlove's prosecution should have originated in juvenile court because his age and lack of qualifying statutory exceptions under that code required it. See K.S.A. 1995 Supp. 38-1602(a), (b) (defining "juvenile" and "juvenile offender"); K.S.A. 38-1636 (Furse 1993) (guidelines for adult prosecution). It also "recognizes that this court has found subject-matter jurisdiction lacking when the State failed to commence a juvenile case before seeking criminal prosecution. See *Mayfield,* 241 Kan. 555; see also *State v. Frazier,* 248 Kan. 963, 972-73, 811 P.2d 1240

(1991) (relying on *Mayfield*)." It argues, however, that we should overrule *Mayfield* because *Mayfield* should have been resolved as a case of personal jurisdiction, instead of subject matter, and the same holds here. It concludes that because Breedlove originally waived personal jurisdiction for failing to object, the district court should be affirmed in all respects.

In the alternative, the State argues that *Smith* is distinguishable. Accordingly, Breedlove's convictions should be reversed and the sentences vacated so the matter may begin anew.

We agree with the State's alternative argument, as analyzed below.

We first carefully examine the facts and holding of *Mayfield*. In February 1978, when Mayfield was 17, he committed theft by deception. By the time he was arrested and charged later that spring, he was 18. In July 1978, he pled guilty to the crime in district court. After serving 30 days of a 1- to 10-year sentence, he was placed on probation. In January 1980, the probation was terminated by court order.

Five years later, in October 1985, Mayfield filed a motion for an order setting aside the conviction and dismissing the action for lack of prosecution. As a basis for the motion, he alleged that he was a juvenile at the time of the crime. He claimed that the district court had no jurisdiction to charge him or to accept his guilty plea; it only had jurisdiction to proceed under the Kansas Juvenile Code, K.S.A. 38-801 *et seq.* (Weeks), later supplanted by the Kansas Juvenile Offenders Code.

The *Mayfield* court observed that the juvenile code provided in part that " 'when any person charged with having committed an act of delinquency before reaching the age of eighteen years is brought before the court after reaching said age, *the court shall proceed pursuant to the Kansas juvenile code.*' " 241 Kan. at 556. The juvenile code also provided a procedure where certain individuals charged under the code could be prosecuted as an adult. However, that procedure was not followed in *Mayfield*. Indeed, similar to the instant case, the State conceded that Mayfield was charged as an adult pursuant to the criminal code and "proceedings

were never commenced pursuant to the Kansas juvenile code." 241 Kan. at 556-57.

This court rejected the holdings of the district court and the Court of Appeals that Mayfield had waived any objection to jurisdiction, personal or otherwise. While the Court of Appeals also found that the district court had subject matter jurisdiction because the alleged offense was a felony, this court disagreed that "because the offense is categorized as a felony under the criminal code that the court obtained subject matter jurisdiction. At the outset we note that subject matter jurisdiction cannot ordinarily be waived." 241 Kan. at 558.

After a review of Kansas statutes and case law, the *Mayfield* court concluded that the district court lacked jurisdiction to accept the theft by deception guilty plea from a defendant who was a juvenile when the crime occurred. 241 Kan. at 561. In support of its holding, the court observed that the jurisdiction of the district court over juveniles is based exclusively upon compliance with the juvenile code:

"Although, since court unification in 1977, we no longer have separate juvenile courts, the policy adopted by the legislature and consistently recognized by the courts has not changed. *The jurisdiction of the district court over juvenile offenders in 1978 was based solely upon compliance with the provisions of the Kansas juvenile code and today is based solely upon the provisions of the Kansas juvenile offenders code. (K.S.A. 38-1601 et seq.)*" (Emphasis added.) 241 Kan. at 561.

This court went on to articulate why the complete failure of the lower court to even commence proceedings in compliance with the juvenile code made the action void:

"Thus, we think it is abundantly clear that the Kansas juvenile code (and now the Kansas juvenile offenders code) established an *exclusive* procedure for those subject to its provisions and the district court did not have jurisdiction of the subject matter of the action against appellant. *To obtain such jurisdiction the proceedings had to be instituted under the provisions of the Kansas juvenile code as it existed in 1978. Failure of the State to proceed in accordance with the [juvenile] code deprived the court of jurisdiction* to accept appellant's attempted plea of guilty to a crime when the acts complained of were done by appellant at a time when he was under the age of eighteen. The district court and the Court of Appeals were in error in concluding that as the acts of Mayfield would have constituted a felony if he had been an adult, the court had jurisdiction of the

subject matter. *The subject matter of the action was not a criminal prosecution for a felony but a juvenile proceeding which was never commenced pursuant to the juvenile code."* (Emphasis added.) 241 Kan. at 561.

Accordingly, the judgments of the lower courts were reversed, and the case was remanded with directions to set aside the conviction. 241 Kan. at 561.

We agree with the *Mayfield* court on several important counts. First, we note that subsequent Kansas decisions have treated similar jurisdiction questions as concerning subject matter jurisdiction, not personal. See, *e.g., State v. Elliott,* 281 Kan. 583, Syl. ¶ 1, 2, 133 P.3d 1253 (2006) (municipal courts lack subject matter jurisdiction over third or subsequent driving under the influence violations because they are felonies). As we stated regarding a related issue in *Belcher,* 269 Kan. at 8-9:

" '[I]f a crime is not specifically stated in the information or is not a lesser included offense of the crime charged, the district court lacks jurisdiction to convict a defendant of the crime, regardless of the evidence presented. [Citation omitted.] . . .

. . . . .

" '. . . In a criminal action the trial court must not only have jurisdiction over the offense charged, but it must also have jurisdiction of the question which its judgment assumes to decide. A judgment for the offense of battery where the court is without jurisdiction to decide the issue is void.' [Citation omitted.]"

See *Johnson,* 283 Kan. at 652. Accordingly, we reject the State's request that we overrule *Mayfield's* analysis of the jurisdiction issue.

Second, *Mayfield* causes us to reject Breedlove's request that his convictions be affirmed but his sentences vacated and remanded for resentencing under the Kansas Juvenile Offenders Code. *Mayfield* clearly demands reversal of the convictions because there was never any jurisdiction for the district court to adjudicate Breedlove. See 241 Kan. at 561; *cf. Frazier,* 248 Kan. 963, Syl. ¶ 5 (district court had no subject matter jurisdiction over juvenile to accept his nolo contendere plea to driving with a suspended license while having two prior convictions for same offense; thus sentence imposed was illegal; judgment of district court was reversed and case remanded with directions to set aside conviction).

We conclude that a court without jurisdiction cannot convict or sentence because any judgment would be void.

Breedlove suggests an exception to our conclusion that lack of jurisdiction means the judgment is void and the convictions must be set aside: K.S.A. 38-1681(a)(2) (Furse 1993), as applied in *Smith*, 268 Kan. 222. The statute provided in relevant part:

"(a)(2) If on appeal the *order authorizing prosecution as an adult is reversed* but the finding of guilty is affirmed or the conviction was based on a plea of guilty or *nolo contendere*, the respondent shall be deemed adjudicated to be a juvenile offender. On remand the district court shall proceed with disposition."

Breedlove argues that although no formal authorization order exists in this case, the order can be implied from the court's conduct in allowing him to be prosecuted as an adult. In the alternative, he argues that the actual order from the Second Crimes case can serve as the order in the instant case because "this is presumably the order upon which the district court and the State relied when they proceeded to try Breedlove as an adult without first initiating proceedings in the juvenile court."

In *Smith*, a 16-year-old male requested to be tried as an adult. After a hearing, the district court eventually waived juvenile jurisdiction. However, the State's motion for authorizing prosecution as an adult had failed to specifically address the eight factors required under K.S.A. 38-1636(e) (Furse 1993); little, if any, other evidence was offered, and the court therefore failed to consider the statutory factors. The *Smith* court held this failure was fatal to prosecuting him as an adult:

"Although a juvenile can stipulate to allegations made against him in a motion to waive juvenile jurisdiction, the judge, in making the decision to waive jurisdiction, must take into account the juvenile's stipulation and evidence concerning the eight factors in K.S.A. 38-1636(e). The judge failed to consider the K.S.A. 38-1636(e) factors. Therefore, the waiver of [juvenile] Adam Gault to adult status is not supported by substantial competent evidence, and the waiver order is reversed." 268 Kan. at 246.

The court then applied K.S.A. 38-1681(a)(2) (Furse 1993) to determine its course of action:

"K.S.A. 38-1681(a)(2) provides that, if on appeal, the order authorizing prosecution as an adult is reversed but the finding of guilty is affirmed, the respondent

shall be deemed adjudicated to be a juvenile offender. Since we have affirmed Adam's conviction, as required by statute, the matter of Adam Gault is remanded for further proceedings under the juvenile code [*i.e.*, sentencing]." 268 Kan. at 246.

After reviewing the statute and *Smith,* we hold that Breedlove's arguments are unpersuasive for a number of reasons; three suffice to make our point.

First, the language of 38-1681 is clear. Accordingly, we are not free to read anything into it as Breedlove suggests, *e.g.*, implied or borrowed orders authorizing prosecution as an adult. See *Steffes v. City of Lawrence*, 284 Kan. 380, Syl. ¶ 2, 160 P.3d 843 (2007) ("When language is plain and unambiguous, there is no need to resort to statutory construction. An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there."). Subsection (a)(2) speaks only to the situation where the order is reversed, but the finding of guilty is affirmed. In that event, the respondent is deemed adjudicated as a juvenile offender, and essentially the conviction remains affirmed. Here, there simply was no order.

When construing statutes and determining legislative intent, this court must consider various provisions of an act in pari materia with a view of reconciling and bringing them into workable harmony if possible. *Pankratz Implement Co. v. Citizens Nat'l Bank*, 281 Kan. 209, 215, 130 P.3d 57 (2006). Following this guidance, we hold that the requirement of an actual order is reinforced when reading subsection (a)(2) in conjunction with subsection (a)(1). It provides that "[u]nless the respondent has consented to *the order*, an appeal may be taken by a respondent from *an order* authorizing prosecution as an adult. The appeal shall be taken only after conviction and in the same manner as other criminal appeals." (Emphasis added.) K.S.A. 38-1681 (Furse 1993). In further reading these subsections together, it is additionally clear that section (a) refers exclusively to *appeals* from the order. Similarly, the other sections of 38-1681 also refer exclusively to appeals: section (b) (appeals specifically from order of adjudication, or of disposition, or both) and section (c) (appeals under K.S.A. 38-1681 have pri-

ority). Simply stated, Breedlove does not bring an appeal of any such orders that were entered, but rather a motion to correct an illegal sentence because such orders were not entered.

Second, on a related issue, 38-1681(a)(2) and *Smith* concerned proper beginnings in the juvenile court, but subsequent failed attempts, through faulty orders, to certify the defendant as an adult to be prosecuted in district court. In short, proper jurisdiction originally existed in, and perhaps never left, juvenile court. *Smith* implicitly held that the legislature may provide in the specific instances of district court convictions arising out of failed certification orders, if nevertheless affirmed, that the convictions may be held as established in the juvenile court.

By contrast, the instant case carries a concession by the State that there was a complete failure to attempt to commence juvenile proceedings — just as in *Mayfield*. As that court stated: "The subject matter of the action was not a criminal prosecution for a felony, but a juvenile proceeding which was never commenced pursuant to the juvenile code." 241 Kan. at 561. As in *Mayfield*, Breedlove was always considered as an adult in district court for the First Crimes and always prosecuted as one. And under such circumstances, *Mayfield* reversed the conviction because of the district court's lack of jurisdiction. 241 Kan. at 561. Without even the semblance of commencing juvenile proceedings against Mayfield and Breedlove pursuant to their respective juvenile codes, and with the resultant lack of jurisdiction in the district courts where they were adjudged guilty, we have trouble understanding that either type of court would have jurisdiction to convict them or to otherwise accept affirmed convictions.

We observe that 38-1681(a)(2) was in effect when *Mayfield* was decided in 1987 but not addressed in the opinion. We will not speculate on the reasons. We can observe, however, that if the legislature believed that the statute should have been applied, or if it otherwise disagreed with the *Mayfield* court, *i.e.*, the conviction should have been affirmed and Mayfield resentenced as a juvenile, it has had 21 years in which to make clarifying changes to the statute. Any amendment would have attempted to clarify that subsection (a)(2) was not limited to improperly issued adult certifica-

tion orders but would apply to other, perhaps all, failures to obtain jurisdiction over juveniles in district court. To date, the legislature has not done so.

Third, we note inconsistencies in Breedlove's arguments. He brings a motion to correct an illegal sentence based entirely upon lack of jurisdiction under K.S.A. 22-3504(1). He then argues that the district court lacked jurisdiction because he was a juvenile at the time he committed the First Crimes and the court made no attempt to follow the Kansas Juvenile Offenders Code procedures to certify him as an adult. Breedlove reasons that the sentence from a court lacking jurisdiction is illegal and should be vacated. He then argues, however, that the same jurisdiction-less court should have its convictions affirmed. How does one contend that a sentence is illegal because it was issued by a court lacking in jurisdiction but simultaneously contend that the same court had jurisdiction enabling its conviction to be affirmed to support resentencing? Furthermore, while the lack of an adult certification order is what he argues helps prevent the district court from having jurisdiction, he then asks this court to imply or borrow such an order to provide him ostensible relief under K.S.A. 38-1681(a)(2) (Furse 1993).

Finally, we agree with the State's assertion at oral argument that double jeopardy would not bar re-prosecution of Breedlove on remand. K.S.A. 21-3108 states in relevant part:

"(4) A prosecution is not barred under this section:

"(a) By a former prosecution before a court which lacked jurisdiction over the defendant or the offense; or

. . . .

"(c) If subsequent proceedings resulted in the invalidation, setting aside, reversal or vacating of the conviction, unless the defendant was adjudged not guilty."

The convictions are reversed, and the sentences are vacated.