IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 118,427

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA ROBERTSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

A motion to correct illegal sentence filed under K.S.A. 2018 Supp. 22-3504 that alleges a defect in the charging document does not give a court jurisdiction to reverse a conviction that has become a final judgment.

2.

A court need not entertain a second or successive motion for relief under K.S.A. 2018 Supp. 60-1507(c) in the absence of exceptional circumstances.

3.

A motion under K.S.A. 2018 Supp. 60-1507 must be filed within the time set out in 60-1507(f)(1), (2) unless the movant establishes that a manifest injustice would result.

Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed April 19, 2019. Affirmed.

*Joshua J. Robertson*, appellant, was on the briefs pro se.

1

*Darrin C. Devinney*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Joshua J. Robertson appeals from the district court's summary dismissal of his pro se motion, which he calls a combined "motion to correct illegal sentence" and "motion to dismiss for lack of jurisdiction." In the combined motion, he invokes K.S.A. 2018 Supp. 22-3504 as the basis for jurisdiction and requests his convictions be reversed. We affirm the summary denial of Robertson's motion because he cannot collaterally attack a conviction through a motion to correct an illegal sentence filed under K.S.A. 2018 Supp. 22-3504 that claims a defective complaint meant the district court lacked jurisdiction to convict. We also hold the district court lacked jurisdiction over Robertson's motion to dismiss. Finally, we decline to consider the motion as one filed under K.S.A. 2018 Supp. 60-1507 because such a motion is procedurally barred.

## FACTS AND PROCEDURAL HISTORY

A jury convicted Robertson of first-degree murder, arson, and aggravated burglary for his role in the death of his girlfriend's mother, Patricia Self. This court affirmed his convictions and sentences on direct appeal. See *State v. Robertson*, 279 Kan. 291, 109 P.3d 1174 (2005).

Since then, Robertson has raised various challenges to his convictions and sentences. The district court referenced five other district court orders addressing Robertson's collateral attacks. Three of those attempts have reached this court. In one, Robertson vainly sought relief through a motion to correct illegal sentence filed under

K.S.A. 22-3504. See *State v. Robertson*, 298 Kan. 342, 343-45, 312 P.3d 361 (2013). In the other two, Robertson either explicitly sought relief under K.S.A. 60-1507 or the district court liberally construed the motion as one seeking relief under that statute. See generally *Robertson v. State*, 288 Kan. 217, 201 P.3d 691 (2009) (considering and rejecting merits of motion explicitly filed under 60-1507); *State v. Robertson*, No. 112,714, 2017 WL 2062832, at *1-3 (Kan. 2017) (unpublished opinion) (considering and rejecting motion district court had treated as one filed under 60-1507).

In his current appeal, Robertson invokes K.S.A. 2018 Supp. 22-3504 as the sole basis for jurisdiction. He asserts his status as a sovereign and criticizes the way his name appears in the charging document. He further asserts the document charges a trust, not a person. According to him, these shortcomings cause a fatal defect in the charging document that deprived the district court of jurisdiction to convict him. Thus, he argues, his convictions should be reversed. He also contends Kansas statutes are commercial contracts, and he reserves his rights not to perform under the statutes.

The district court summarily denied relief. It held the motion lacked any legal or factual basis and consisted of "nothing more than a futile exercise in semantics and a poor attempt to fashion arguments out of thin air."

Robertson appealed. His appeal came directly to this court because he has been convicted of a homicide and sentenced to life in prison. See K.S.A. 2018 Supp. 22-3601(b)(3); see *Robertson*, 2017 WL 2062832, at *2 ("A ruling on a motion to correct an illegal sentence, where the sentence imposed for a homicide is imprisonment for life, is directly appealable to this court. K.S.A. 2016 Supp. 22-3601[b][3].").

3

ANALYSIS

Robertson asks us to reverse his convictions and vacate his sentences. The State responds by arguing the district court lacked jurisdiction to grant the relief Robertson seeks. We first consider the State's jurisdiction argument because, if a district court lacks jurisdiction to correct an illegal sentence, an appellate court lacks jurisdiction to do so on appeal. See *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004).

Article 3, section 1 of the Kansas Constitution grants "[t]he judicial power of this state" to the "supreme court, district courts, and such other courts as are provided by law." Kan. Const. art. 3, § 1. But a court can exercise this power only when it has jurisdiction as granted by article 3 of the Kansas Constitution. Article 3, § 3 of the Kansas Constitution grants this court "such appellate jurisdiction as may be provided by law." Kan. Const. art. 3, § 3. And article 3, § 6(b) grants district courts "such jurisdiction in their respective districts as may be provided by law." Kan. Const. art. 3, § 6(b). See generally *State v. Dunn*, 304 Kan. 773, 811, 375 P.3d 332 (2016). The mechanism for the law to provide jurisdiction is through statutes. See *State v. Dupree*, 304 Kan. 43, 53, 371 P.3d 862 (2016) (addressing appellate jurisdiction); *State v. Valladarez*, 288 Kan. 671, 675, 206 P.3d 879 (2009) (addressing subject matter jurisdiction of district judges).

Generally, under Kansas statutes, a district court has jurisdiction over a criminal case until it enters judgment and the time for appeal has expired. Unless a specific statute grants jurisdiction beyond that point in the proceedings, a district court lacks jurisdiction to consider postconviction motions. See *State v. Hemphill*, 286 Kan. 583, 588, 186 P.3d 777 (2008). The statutes that extend a district court's jurisdiction past the time for an appeal include K.S.A. 2018 Supp. 60-1507 and K.S.A. 2018 Supp. 22-3504. Robertson has used both of these statutes as the basis for past collateral attacks on his convictions

4

and sentences. For this latest complaint, he relies exclusively on K.S.A. 2018 Supp. 22-3504(1), which allows a court to correct an illegal sentence at any time.

We hold Robertson's challenge to his convictions cannot be supported by a motion under K.S.A. 2018 Supp. 22-3504. Then, liberally construing his motion to dismiss as divisible from his motion to correct illegal sentence, we hold there is no independent basis for jurisdiction over that motion. And we determine he cannot seek dismissal under K.S.A. 2018 Supp. 60-1507.

*K.S.A. 2018 Supp. 22-3504*

K.S.A. 2018 Supp. 22-3504(1) allows a defendant to raise an illegal sentence issue at any time, except in some circumstances. See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). But see *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008) (holding motion to correct illegal sentence "may not be used to breathe new life into an appellate issue previously adversely determined"), *abrogated on other grounds by State v. Soto*, 299 Kan. 102, 121-22, 322 P.3d 334 (2014); see also *Robertson*, 298 Kan. at 344-45 ("We will not permit his new motion to correct an illegal sentence to be used as a vehicle to 'breathe new life' into an issue previously determined against Robertson on multiple occasions."). To invoke relief under K.S.A. 2018 Supp. 22-3504(1), Robertson must establish that his sentence is illegal. A sentence is illegal if it is (1) imposed by a court without jurisdiction, (2) does not conform to the applicable statute either in character or punishment, or (3) is ambiguous about the time and manner in which it is to be served. See K.S.A. 2018 Supp. 21-3504(3); *State v. Horton*, 308 Kan. 757, 759, 423 P.3d 548 (2018).

Robertson contends his sentence is illegal, but he attacks his convictions, arguing the charging instrument was defective because it named him as an individual, not a

sovereign, and used an incorrect version of his name. We have repeatedly emphasized a motion to correct an illegal sentence is not an appropriate vehicle to reverse a conviction because of a defective charging document. E.g., *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013); *State v. Deal*, 286 Kan. 528, 530, 186 P.3d 735 (2008). "The relief available under the statute is correction of a sentence, rather than reversal of a conviction." *State v. Nash*, 281 Kan. 600, 601, 133 P.3d 836 (2006); see also *Horton*, 308 Kan. at 761 (citing *Nash*).

Robertson argues a different rule applies when the district court lacked jurisdiction to adjudicate the conviction and impose a sentence. But Robertson has cited no decision that holds a defendant may use K.S.A. 2018 Supp. 22-3504(1) to challenge a personal jurisdiction flaw arising from a defective complaint. In arguing the district court lacked *personal* jurisdiction over him, he fails to discuss the general rule that a "want of jurisdiction of the person or thing may be waived." *State v. Grimsley*, 15 Kan. App. 2d 441, 445, 808 P.2d 1387 (1991). In contrast, "[t]he substantive jurisdiction of the court, its power to adjudicate, cannot be created by waiver or consent." 15 Kan. App. 2d at 445. The case cited by Robinson—*State v. Breedlove*, 285 Kan. 1006, 179 P.3d 1115 (2008)— discusses a motion to correct illegal sentence in the context of substantive—also known as subject matter—jurisdiction.

In *Breedlove*, the defendant was a minor at the time of his offenses. Because of his age, his case should have begun in juvenile court unless an exception allowed the State to bypass juvenile court. The State conceded no exception applied. The *Breedlove* court held the failure to begin the case in juvenile court deprived the district court of subject matter jurisdiction. The court noted the general rule that a party cannot waive subject matter jurisdiction and held "a court without jurisdiction cannot convict or sentence because any judgment would be void." 285 Kan. at 1014. Thus, we reversed Breedlove's convictions. 285 Kan. at 1017.

6

The *Breedlove* court also noted other cases in which convictions had been reversed because the district court lacked subject matter jurisdiction. In these cases, convictions were reversed because either an issue about the defendant's competency had been raised but not resolved or a jury convicted the defendant of a crime neither charged nor a lesser included offense of the charged crime. 285 Kan. at 1010 (citing *State v. Johnson*, 283 Kan. 649, 652, 156 P.3d 596 [2007] [conviction for uncharged crime]; *State v. Davis*, 281 Kan. 169, 174, 130 P.3d 69, *cert. denied* 549 U.S. 823 [2006] [competency]; *State v. Chatmon*, 234 Kan. 197, 205, 671 P.2d 531 [1983] [conviction for uncharged crime], *abrogated on other grounds by State v. Gunby*, 282 Kan. 39, 144 P.3d 647 [2006]).

No Kansas decision cited by Robertson or that we have found supports his jurisdictional argument. But our caselaw does make clear that Robertson cannot succeed because he attacks a defect in the complaint, arguing the court lacked jurisdiction because the complaint incorrectly listed his name and improperly identified him as a trust, not an individual. In other words, he does not deny he was the actor who allegedly performed the criminal conduct and charging and obtaining custody over the alleged criminal actor is the object of criminal personal jurisdiction. See *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."). Instead, he complains about the way the State identified him in the complaint. Yet defects in a complaint do not deprive a court of jurisdiction. See *Dunn*, 304 Kan. at 811. Our decision in *Trotter*, 296 Kan. 898, reflects this point.

There, Christopher M. Trotter attacked his sentence based on an alleged charging document deficiency. We contrasted such a claim, which we have repeatedly rejected, from one in which a sentence follows a district court's failure to apply the statutory

7

requirement of suspending a proceeding to determine competency if the district court has found reason to believe the defendant was incompetent. 296 Kan. at 903-04. But Trotter's case did not involve a statutory requirement to suspend proceedings. Trotter raised a fairly typical challenge to the sufficiency of the complaint. We denied relief, reiterating, "Defective complaint claims are not properly raised in a motion to correct an illegal sentence under K.S.A. 22-3504." 296 Kan. at 904 (citing *State v. Sims,* 294 Kan. 821, 825, 280 P.3d 780 [2012]).

Recently, we restated these rules in *Horton*, 308 Kan. 757. Damon Horton moved to correct an illegal sentence in an attempt to attack the district court's earlier evidentiary finding that he had violated his probation. We revisited the familiar rule that a motion to correct an illegal sentence is not a vehicle for reversing a conviction. 308 Kan. at 761 (citing *Nash*, 281 Kan. at 602). "In other words, an erroneous conviction does not render the ensuing sentence illegal if that sentence is appropriate for the crime for which the defendant was convicted. In that instance, any relief must emanate from an attack on the improper conviction, not on the proper sentence." 308 Kan. at 761.

This review of our caselaw makes clear that only a case fitting within a narrow exception will support granting a motion to correct an illegal sentence that attacks the underlying conviction rather than sentence. Such narrow exceptions apply when a Kansas statutory scheme has deprived the district court of the power to act in a criminal matter. E.g., *Breedlove*, 285 Kan. at 1014 (criminal proceedings involving a juvenile defendant); *Davis*, 281 Kan. at 174 (competency challenge). That is not Robertson's case.

For these reasons, we conclude Robertson's attempt to obtain relief through a motion to correct an illegal sentence fails. Even if we assume that Robertson has correctly alleged that the criminal complaint was defective because it named him as a trust, not an individual, and used an incorrect version of his name, a motion to correct an

8

illegal sentence is not an appropriate vehicle to reverse his convictions. If Robertson wishes to pursue relief from the underlying convictions, he must find another avenue through which to do so. See *Horton*, 308 Kan. at 761.

*Motion to Dismiss and K.S.A. 2018 Supp. 60-1507*

Robertson also labels his motion as a "motion to dismiss." But he cites no statutory basis for us to have jurisdiction over a motion to dismiss besides K.S.A. 2018 Supp. 22-3505, and we hold none exists. That said, at times we have liberally construed a postconviction pro se motion seeking relief from a conviction as a motion under K.S.A. 2018 Supp. 60-1507. See, e.g., *State v. Swisher*, 281 Kan. 447, 449, 132 P.3d 1274 (2006). But doing so here does not get Robertson out of the procedural woods. He faces two other procedural obstacles.

First, Robertson had earlier pursued relief under 60-1507, and that statute is clear that a district court is not "required to entertain a second or successive motion." K.S.A. 2018 Supp. 60-1507(c); see *Trotter*, 296 Kan. at 904. Robertson has argued no exceptional circumstances warranting a successive motion. Nor do we see any. Robertson could have raised these arguments in an earlier proceeding. He did not. The district court did not have to entertain Robertson's motions had he raised them under K.S.A. 2018 Supp. 60-1507.

Second, Robertson's motions were filed outside the one-year period for seeking 60-1507 relief and Robertson does not argue manifest injustice would support extending this limitation. See K.S.A. 2018 Supp. 60-1507(f)(1), (2). Thus, Robertson would be procedurally barred from relief even if we convert it to a motion under K.S.A. 2018 Supp. 60-1507. See *Trotter*, 296 Kan. at 904-05.

9

CONCLUSION

Robertson has failed to establish that his sentence was illegal. And even if we liberally construe his motion to reverse his conviction as a 60-1507 motion, he cannot overcome the procedural hurdles of the motion being successive and being filed outside the statutory time limit. We, therefore, hold that the district court did not err in summarily dismissing Robertson's motion.

Affirmed.