NOT DESIGNATED FOR PUBLICATION

No. 126,294

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSHUA JAMES ROBERTSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; CHAD M. CRUM, judge. Submitted without oral argument. Opinion filed November 15, 2024. Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Darrin C. Devinney*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: After Joshua James Robertson filed another K.S.A. 60-1507 motion in his years' long campaign to obtain postconviction relief through multiple avenues, including K.S.A. 60-1507 motions, the district court summarily denied Robertson's most recent motion as untimely, successive, and deficient on its merits. Unless a movant satisfies the exceptions required to overcome the procedural bars which foreclose consideration of a motion burdened by those shortcomings, a district court is not required to entertain their motion. Robertson failed to establish that manifest injustice excused his filing delay and similarly neglected to prove that exceptional circumstances justified

1

consideration of his successive motion. Accordingly, we find that the district court's summary denial of his motion was appropriate.

FACTUAL AND PROCEDURAL BACKGROUND

Robertson is currently serving a hard 50 life sentence for his 2002 convictions of first-degree murder, arson, and aggravated burglary. The underlying facts of Robertson's criminal case were extensively outlined by the Kansas Supreme Court when ruling on his direct appeal. *State v. Robertson*, 279 Kan 291, 109 P.3d 1174 (2005). It is not necessary to restate those facts here as they are not relevant to our analysis concerning Robertson's postconviction motion.

In 2005, Robertson filed his first K.S.A. 60-1507 motion and alleged that his trial counsel provided deficient representation. The district court appointed counsel but ultimately dismissed Robertson's motion upon finding that his ineffective assistance of counsel claims were meritless and the remaining issues should have been raised on direct appeal. Robertson appealed the denial of his motion, and a panel of this court affirmed the district court's decision. *Robertson v. State*, No. 95,188, 2007 WL 570179, at *1 (Kan. App. 2007) (unpublished opinion). The Kansas Supreme Court granted Robertson's petition for review and affirmed this court's conclusion that Robertson's trial counsel was not deficient. *Robertson v. State*, 288 Kan. 217, 226, 201 P.3d 691 (2009).

Robertson persisted in his quest for relief through various postconviction vehicles, which included actions filed in the United States District Court for the District of Kansas and the United States Court of Appeals for the Tenth Circuit. In 2013, the Kansas Supreme Court heard Robertson's appeal from the district court's denial of his motion to correct an illegal sentence, which raised issues related to the use of his statements to law enforcement. The court found that the district court's written order was sufficient to allow

for meaningful appellate review and that res judicata barred review of the merits of his substantive claims. *State v. Robertson*, 298 Kan. 342, 343-44, 312 P.3d 361 (2013). In support of its conclusion, the court highlighted that Robertson's "most recent motion seeks the same relief on the same grounds denied by the district court multiple times on his posttrial motions, by this court on his direct appeal, on his motion and appeal under K.S.A. 60-1507, and on his subsequent motions collaterally attacking his convictions and sentence." 298 Kan. at 344. It declined to allow Robertson's motion to be used to "'breathe new life'" into those issues. 298 Kan. at 344.

Robertson soldiered on, and in September 2017, he filed another motion to correct illegal sentence under K.S.A. 22-3504(1), arguing that K.S.A. 22-3208(3)-(4) required dismissal of his case because the district court lacked jurisdiction over him at the time of his trial. Robertson asserted that he was a "Free Sovereign and independ[e]nt" person of the United States, therefore the doctrine of sovereign immunity prohibited the district court from entering any judgment or sentence against him.

The district court denied the motion, and Robertson again pursued an appeal. The Kansas Supreme Court affirmed the district court's decision, finding that Robertson's claims were successive, no exceptional circumstances were apparent, and the motion was untimely. *State v. Robertson*, 309 Kan. 602, 603, 439 P.3d 898 (2019).

In October 2022, Robertson filed the K.S.A. 60-1507 motion at issue in this case and alleged that the geographical location of his crimes was in Indian territory and not within the territorial bounds of the United States. More specifically, Robertson alleged that per the Louisiana Purchase (1803) and the Kansas Admission Act (1861), the City of Augusta, where his crimes occurred, is Indian territory that never became part of the State of Kansas when it entered the Union. Thus, the district court lacked subject matter jurisdiction to either convict or sentence him. Robertson acknowledged that his motion

3

was untimely but argued that manifest injustice would occur if the district court declined to consider his claim because subject matter jurisdiction can be raised at any time. Robertson also took the position that his attorneys were ineffective for failing to raise his Indian territory claim at trial and on direct appeal.

The district court concluded that Robertson's motion was untimely and successive and that he failed to establish manifest injustice or exceptional circumstances as required to bypass those respective procedural limitations. Its order also outlined the various statutory provisions which clarified that it had subject matter jurisdiction to preside over Robertson's criminal prosecution.

Robertson timely appealed the district court's decision and requests that we analyze whether summary denial of his K.S.A. 60-1507 motion was appropriate.

LEGAL ANALYSIS

*The district court properly dismissed Robertson's K.S.A. 60-1507 motion as untimely and successive.*

*Standard of Review*

A district court has three options when handling a K.S.A. 60-1507 motion. It can decide: (1) the motion, files, and case records conclusively show the movant is not entitled to relief and summarily deny the motion; (2) the motion, files, and records reveal the existence of a potentially substantial issue so a preliminary hearing may be held to further explore the matter, and if there ultimately is no substantial issue, the motion may be denied; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue exists which warrants a full evidentiary hearing. *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

4

In this case, the district court summarily denied Robertson's 60-1507 motion as untimely and successive. When that is the option exercised by the district court, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022). Appellate courts are in just as good a position as the district court to determine whether it plainly appears from the face of the motion and any supporting exhibits that the movant is entitled to no relief. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

*Discussion*

Robertson alleges that because the location where his crimes were committed remained Indian territory after Kansas became a state, the district court lacked subject matter jurisdiction over his criminal case. He acknowledges that he filed his K.S.A. 60-1507 motion beyond the one-year time limit but argues that because the delay is attributable to counsel's deficient representation, any failure to consider his untimely motion would result in manifest injustice. Robertson further contends that when the motion calls the trial court's subject matter jurisdiction into doubt, the issue in and of itself constitutes an exceptional circumstance which justifies review of his successive K.S.A. 60-1507 motion. Finally, Robertson asserts that an evidentiary hearing is necessary to conclusively determine whether the crimes occurred on Indian land, thus entitling him to relief.

Conversely, the State argues that Robertson's claims are simply untimely and successive. It asserts that Robertson failed to carry his burden to demonstrate the manifest injustice and exceptional circumstances required to overcome those procedural bars and, therefore, summary dismissal of his delayed and successive K.S.A. 60-1507 motion was appropriate.

5

A. *Robertson failed to demonstrate, by a preponderance of the evidence, that manifest injustice would result if the district court declined to review the merits of his untimely motion.*

K.S.A. 60-1507(f)(1) requires that habeas actions be filed within one year of (A) the final order of the last appellate court exercising jurisdiction on a direct appeal or termination of such jurisdiction; (B) denial of a petition for writ of certiorari to the United States Supreme Court; or (C) the decision of the district court denying a prior motion under this section, the opinion of the last appellate court in this state to exercise jurisdiction on such prior motion, or the denial of the petition for review on such prior motion, whichever is later. K.S.A. 2023 Supp. 60-1507(f)(1)(A)-(C). A court can only extend the one-year limitation when the movant establishes it is necessary to do so to prevent a manifest injustice. K.S.A. 2023 Supp. 60-1507(f)(2).

When determining whether manifest injustice is likely to occur, a court must consider why a prisoner failed to file their motion within the one-year statute of limitations or whether the prisoner has made a colorable claim of actual innocence. K.S.A. 2023 Supp. 60-1507(f)(2)(A). If a court makes a finding of manifest injustice, it must state the factual and legal basis for that finding with service to the parties. K.S.A. 2023 Supp. 60-1507(f)(2)(B). Conversely, a court may review the motion, files, and records of the case and determine that dismissing an untimely motion would not create a manifest injustice. K.S.A. 2023 Supp. 60-1507(f)(3).

Manifest injustice has been defined in this context as that which is obviously unfair or shocking to the conscience. *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013). To establish manifest injustice, a claimant must identify specific facts that support their claim and entitle them to an extension of time. 298 Kan. at 481. Here, Robertson claims that ineffective assistance of his trial and appellate counsel prevented

6

him from meeting the statute of limitations, and failure by the court to consider his motion would result in manifest injustice. We do not find any merit in this argument.

In evaluating why Robertson did not file his K.S.A. 60-1507 motion within the one-year limit, the district court properly determined that Kansas law clearly granted subject matter jurisdiction to the district court to hear Robertson's case. Thus, the failure of his counsel to raise an unmeritorious issue did not enable Robertson to meet his burden to establish manifest injustice. Our research into the matter failed to yield anything which demonstrates that the district court's conclusion was fatally flawed.

We are also satisfied that the district court properly concluded Robertson raised no colorable claims of actual innocence. As noted by the statute, "actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2023 Supp. 60-1507(f)(2)(A). This requirement imposes an obligation on Robertson to provide either an evidentiary basis in support of his claim or such evidence must appear in the record. *Beauclair v. State*, 308 Kan. 284, 302, 419 P.3d 1180 (2018). Robertson's motion contains no new evidence to support this claim, and he directs us to authorities which hail from the 1800's that clearly reveal this jurisdictional theory was available to him at the time of his criminal trial. Accordingly, he has failed to provide anything which suggests a finding in his favor is warranted under this prong of the manifest injustice inquiry.

The record before us fails to support a conclusion that affirming the dismissal of Robertson's motion results in a ruling that is obviously unfair or shocking to the conscience. Because Robertson has not met his burden to establish that a manifest injustice would occur, we affirm the district court's finding that Robertson's K.S.A. 60-1507 motion is untimely.

7

B. *Robertson failed to demonstrate exceptional circumstances warranted review of his successive K.S.A. 60-1507 motion.*

Under K.S.A. 2023 Supp. 60-1507(c), the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner unless the alleged errors affect constitutional rights and exceptional circumstances justify consideration of the claims. *State v. Brown*, 318 Kan. 446, 448, 543 P.3d 1149 (2024). Exceptional circumstances are those "'unusual events or intervening changes in the law'" which prevented a movant from including the issue in their prior K.S.A. 60-1507 motion. 318 Kan. at 448. Robertson previously filed a K.S.A. 60-1507 motion as well as a motion to dismiss for lack of jurisdiction under K.S.A. 22-3208(3)-(4). The district court looked to these earlier filings as support for its dismissal of Robertson's current K.S.A. 60-1507 motion as successive.

In its order, the district court noted that Robertson previously attacked his trial court's subject matter jurisdiction and found that while some nuances existed between the postconviction jurisdictional challenge Robertson filed in 2017 and his current motion, both were "equally meritless" and his current action was properly deemed successive. Further, the Kansas Supreme Court has already ruled on whether the district court had subject matter jurisdiction over Robertson's underlying criminal case when it considered his 2017 motion on appeal. In that case, the court liberally construed Robertson's "'motion to dismiss'" as a K.S.A. 60-1507 motion and determined that the arguments presented therein were successive to his first K.S.A. 60-1507 motion and he could have raised those claims in an earlier proceeding. *Robertson*, 309 Kan. at 608-09. That holding is equally applicable here. Although the two arguments presented in Robertson's 2017 motion and his current motion are not identical, both advance the general theory that the district court did not have the ability to hear Robertson's case—an argument that was considered and dismissed by the Kansas Supreme Court. Accordingly, it cannot be said that Robertson's current K.S.A. 60-1507 motion outlines any new evidence or intervening

changes in the law which rise to the level of the exceptional circumstances required to justify review of the motion. The district court's conclusion that Robertson was not entitled to an analysis of his successive motion is affirmed.

The district court properly determined that Robertson's K.S.A. 60-1507 motion was untimely and successive and that he failed to carry his burden to demonstrate, by a preponderance of the evidence, that review of his motion was warranted despite its procedural deficiencies. Given our conclusion in that regard, we decline to engage in an analysis of Robertson's substantive claim.

Affirmed.