NOT DESIGNATED FOR PUBLICATION

No. 108,464

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM KEVON ELMORE, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed December 4, 2015. Affirmed.

*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BUSER and GARDNER, JJ.

*Per Curiam*: Defendant William Kevon Elmore, Jr., appeals the ruling of the Shawnee County District Court referring him from juvenile court for prosecution as an adult for first-degree murder and other crimes arising from a drive-by shooting. The district court assessed the evidence presented on referral using the factors outlined in K.S.A. 2014 Supp. 38-2347(e) and concluded Elmore should be prosecuted as an adult. The evidence supported the district court's findings, and the determination to refer reflected an appropriate exercise of judicial discretion. We, therefore, affirm.

1

In April 2010, a car pulled up in front of a house in Topeka. Both the driver and the passenger in the front seat began shooting at two men who were standing in the front yard talking with the occupants of a vehicle parked in the driveway. One of the men was struck by a single bullet and suffered a fatal wound. The police investigation developed information that Elmore fired shots from the passenger seat of the car. He was taken into custody and charged in juvenile court with first-degree murder, criminal discharge of a firearm at an occupied vehicle, and criminal damage to property. Elmore was 17 years old at the time of the shooting. Following the referral hearing that is the subject of this appeal, Elmore pleaded guilty to one count of reckless second-degree murder in an adult criminal proceeding and received a sentence of 138 months in prison.

As provided in K.S.A. 2014 Supp. 38-2380(a), a juvenile referred for criminal prosecution as an adult may challenge the referral after he or she has been convicted. When the conviction results from a plea and a reviewing appellate court finds the referral to have been erroneous, the offender goes back to juvenile court for sentencing in conformity with the juvenile justice code. K.S.A. 2014 Supp. 38-2380(a)(2).

The standards for referring a juvenile for criminal prosecution as an adult have been codified in K.S.A. 2014 Supp. 38-2347. Based on Elmore's age and the first-degree murder charge against him, he was presumed to be referable for prosecution as an adult. K.S.A. 2014 Supp. 38-2347(a)(2). Elmore bore the burden of rebutting that presumption in the referral hearing by a preponderance of the evidence. K.S.A. 2014 Supp. 38-2347(a)(2). The criteria the district court should consider have been set out in K.S.A. 2014 Supp. 38-2347(e):

> "(1) The seriousness of the alleged offense and whether the protection of the community requires prosecution as an adult or designating the proceeding as an extended jurisdiction juvenile prosecution;

2

"(2) whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

"(3) whether the offense was against a person or against property. Greater weight shall be given to offenses against persons, especially if personal injury resulted;

"(4) the number of alleged offenses unadjudicated and pending against the juvenile;

"(5) the previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender under this code or the Kansas juvenile justice code and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

"(6) the sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living or desire to be treated as an adult;

"(7) whether there are facilities or programs available to the court which are likely to rehabilitate the juvenile prior to the expiration of the court's jurisdiction under this code; and

"(8) whether the interests of the juvenile or of the community would be better served by criminal prosecution or extended jurisdiction juvenile prosecution."

In assessing those factors, the district court need not find evidence supporting referral under each of them to refer a juvenile as an adult. K.S.A. 2014 Supp. 38-2347(e) ("The

insufficiency of evidence [on] . . . one or more of the factors . . . shall not be determinative of the issue."). The district court is to weigh all of the evidence in light of the statutory factors in arriving at a decision on referral. K.S.A. 2014 Supp. 38-2347(f)(1).

In reviewing an order that a juvenile be prosecuted as an adult, this court applies a bifurcated standard. First, we determine whether the district court's factual findings are supported by substantial evidence. *In re D.D.M*., 291 Kan. 883, 893, 249 P.3d 5 (2011). If so, we "must give deference to the [district] court's evaluation or characterization of those facts" and review the ultimate decision to refer for an abuse of discretion. 291 Kan. at 893. Substantial evidence is that which a reasonable person could accept as supporting a proposition. *State v. Talkington*, 301 Kan. 453, Syl. ¶ 3, 345 P.3d 258 (2015). An appellate court will not reweigh the evidence generally or make independent credibility determinations in reviewing for substantial evidence. 301 Kan. 453, Syl. ¶ 3. In turn, a district court abuses judicial discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

The evidence at the referral hearing showed that Elmore's parents were both in prison during much of his life. Elmore lived with family members or friends and moved frequently. As a result, he also changed schools and essentially dropped out after the eighth grade. At the time of the shooting, Elmore was living with his grandmother. But he neither attended school nor held a regular job.

Between 2006 and 2009, Elmore had been adjudicated six times in juvenile court for what would be misdemeanors, including theft, drug possession, battery, disorderly

conduct, and possession of a firearm. As a result, Elmore had been in several out-of-home placements without success. He was discharged from one for bringing contraband drugs into the facility and testing positive for illegal drugs. In a second facility, he assaulted another juvenile, threatened a staff member, and tried to sell his prescription drugs. During the hearing, Elmore acknowledged that he did not complete his GED during any of the placements and didn't cooperate with caseworkers because he doubted they were really trying to help him. After being detained in this case, Elmore failed to comply with the rules at the juvenile facility and had been placed in disciplinary segregation.

Edward O'Rear, the deputy director of Shawnee County Community Corrections, testified at the hearing about Elmore's juvenile placements. Although O'Rear had not interacted directly with Elmore as a caseworker or supervisor, he was familiar with the placement of and rehabilitative services available to Elmore. He described various educational, behavioral, and substance abuse programs that Elmore could have participated in. And he noted Elmore did not do so. O'Rear characterized Elmore's experience in the juvenile system—reflecting both an indifference to available tools for self-improvement and a willingness to engage in disruptive and delinquent acts—as indicative of someone unlikely to be rehabilitated through further participation in the process.

After hearing the evidence, the district court made a lengthy bench ruling and issued a detailed written order and journal entry referring Elmore for prosecution as an adult. The district court enumerated the statutory factors, applied the evidence to them, and concluded Elmore had not rebutted the statutory presumption for referral.

On appeal, Elmore doesn't dispute the presumption applied to him. And he agrees the district court correctly identified the governing criteria for referral in K.S.A. 2014 Supp. 38-2347(e). Elmore also effectively concedes the district court did not receive or

5

consider improper evidence. Rather, Elmore submits the district court applied some of the evidence to the wrong factors and gave undue weight to evidence favoring referral for adult prosecution.

For example, the district court stated Elmore had an unadjudicated juvenile charge for possession of a firearm and considered that under the fourth statutory factor for pending offenses when, in fact, the charge had been adjudicated. See K.S.A. 2014 Supp. 38-2347(e)(4). But an adjudicated offense should be considered in conjunction with the fifth factor looking at a juvenile's history, including the nature of any past adjudications. See K.S.A. 2014 Supp. 38-2347(e)(5). Elmore concedes as much. The district court also considered the charges filed against Elmore in this case in weighing the fourth factor. At least arguably, the fourth factor refers to *other* pending cases, since the charges prompting the referral are addressed in three other factors. See K.S.A. 2014 Supp. 38-2347(e)(1)-(3). But we fail to see the mistaken pigeonholing of otherwise proper considerations as being unduly prejudicial generally and to Elmore particularly. The eight statutory factors are not to be tallied in a scorecard fashion with a determination based on how many factors point toward referral and how may point against. Rather, the statute contemplates the district court's careful consideration of the whole of the evidence bearing on the designated factors to reach a conclusion based on the totality of those circumstances. The statutory directive that the district court should not consider the absence of evidence on one or more of the factors to be dispositive underscores the holistic nature of the ultimate determination. See K.S.A. 2014 Supp. 38-2347(e).

Elmore otherwise suggests the district court should have given greater consideration to his fractured home life and upbringing and less to his failures within the juvenile justice system. Elmore points out that he had not been adjudicated for a felony offense. And he argues: "[F]ailure is not always indicative of future results." Although that may be true, the district court fairly considered Elmore's largely unbroken record of failure marked by indifference to the help extended to him coupled with his repeated

6

flouting of the law and the rules of the programs into which he was placed. That record presents compelling circumstantial evidence supporting the district court's conclusion—a conclusion that can't be undermined by the blind optimism Elmore now presses upon us.

The district court obviously took account of Elmore's dismal childhood and, as a result, found several of the relevant statutory factors favored retaining this case in juvenile court. But the district court also found those factors did not offset the seriousness of the offenses at hand involving the loss of a life and Elmore's seeming imperviousness to rehabilitation within the juvenile justice system. Substantial evidence supports the district court's factual assessment.

Ultimately, Elmore is left to argue the district court abused its discretion in referring him for adult prosecution because the ruling was so far off the mark no other judicial officer would have done the same. We comfortably find that argument to be entirely unpersuasive. The district court's decision to refer Elmore for prosecution as an adult falls well within the wide margins of judicial discretion, especially given the statutory presumption placing the burden on Elmore to show otherwise.

As an alternative argument, Elmore contends the procedure for referring a juvenile for adult prosecution is constitutionally infirm because a judge rather than a jury makes the factual findings. In turn, the referral almost invariably results in a harsher punishment, likely including an increased period of confinement, upon conviction. Elmore's case illustrates the substantially longer incarceration attendant to a conviction for second-degree murder in an adult prosecution than would have resulted from an adjudication for first-degree murder in juvenile court. Elmore says that impermissibly denigrates his right to jury trial preserved in the Sixth Amendment to the United States Constitution. But, as Elmore notes, the Kansas Supreme Court has rejected this constitutional challenge. *State v. Jones*, 273 Kan. 756, 770, 47 P.3d 783, *cert. denied* 537 U.S. 980 (2002). We

necessarily apply Jones as controlling precedent to reject the constitutional challenge, as well.

Finally, Elmore contends the district court violated his Sixth Amendment rights by using his juvenile court adjudications to establish his criminal history and presumptive sentence on the second-degree murder conviction because those adjudications were not proved to a jury in this case. The argument is a variation on the contention that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), requires the State to prove a defendant's past criminal convictions to a jury in a pending case before they can be used to establish a presumptive guidelines sentence in that case. The Kansas Supreme Court has consistently rejected the argument as to past adult convictions and past juvenile adjudications. See *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506 (2014) (adult convictions); *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013) (adult convictions); *State v. Hitt*, 273 Kan. 224, ¶ 2, 42 P.3d 732 (2002), *cert. denied* 537 U.S. 1104 (2003) (juvenile adjudications). Again, Elmore forthrightly acknowledges that authority adverse to his position, as do we. In light of that authority, we reject his position.

The district court appropriately referred Elmore for prosecution as an adult in this case.

Affirmed.